Barnard, J.
The testator on August 5th, 1864, made the will in question yhe was then a little over nineteen years of age. The will was made and executed at the house of John H. Rauch, in Hastings, Westchester county, with whom the testator then lived, and had so lived from the preceding March, and continued so to do until after it was made, until the 30th of October, 1864, when he died there. At the time *284 of the execution, of this will, John H. Bauch was the testamentary guardian of intestate tinder his father’s will, and had in his hands all his property, amounting to between two and three thousand dollars. By the will, the testator bequeathed all his property to John H. Bauch and Anna his wife. The next of kin' of deceased, were two paternal uncles and a paternal aunt. There js no legal objection to a will made by a ward in favor of a guardian. In such cases, when the guardian has been at all instrumental in procuring the execution of the will, the law presumes undue influence by reason of the confidential relation existing between guardian and ward, and the guardian who proposes such acts must go beyond the mere formal execution of the paper, and show the act to have been the act of a voluntary, capable, and understanding testator. All that can be truly said is, that if a person, whether an attorney or not, prepare a will with a legacy to himself, it is at most a suspicious circumstance of more or less weight, in some of no weight at all (1 Curteis, 637; Bullen v. Barry, and approved in” Coffin v. Coffin, 23 N. Y. Rep., 9).
The facts disclosed by the evidence are briefly these. The testator lost his father and mother at the early age of six years he was received into the family of his father’s brother, Frederick Limburger, he continued there about three years' and was. then placed at school in Germany by his uncle, Frederick Limburger. On his return from Germany he lived about eight months with his uncle, and then, after several unsuccessful efforts to engage in business, he enlisted in 1862, in the 121st Regiment N. Y. Volunteers; his health failed in the army, and in April, 1863, he was discharged; he returned to his uncle Frederick’s house, and stayed a short time there, engaged in business, and then went to live with his uncle Charles, paying him his hoard until April, 1864, when Mrs. Rauch went and took him from there to her husband’s house in Hastings. Bauch had been very intimate with testator’s father, had been his assignee, and was his executor, and the guardian of his son. Testator’s father had died at Bauch’s house, and Mrs. Bauch had left her home to nurse his mother, and had also attended the last moments of testator’s brother and sister when they died. Mrs. Bauch tenderly and kindly *285 nursed and cared for testator from April, 1864, until his death, with the exception of about two weeks, when the deceased was in Orange, Mew Jersey. During all this time his health was very bad and continually failing ; his disease was consumption. The will was drawn by Robert Rowley, an attorney of this court; he was not the attorney of Rauch, except that he had drawn a confession of judgment six years before for him. Rauch carried a message from testator to Rowley that he would like to see him. Rowley went, and testator told him he had sent for him to draw his will; he told him his age, in what his property consisted, that he was not married, and had no near relations, and that he wanted to give all liis property to Mr. and Mrs.' Rauch. That they had been so kind to him, that his relations had not. That this will in favor of Rauch was his own voluntary act, and own voluntáry conclusion. That he would not leave hip relations a cent, but would leave all to Mr. and Mrs. Rauch “ because they had both been so kind to him.” The will was drawn, read over by Rowley carefully and audibly ; he said it was all just right; when asked if he wished it read again, he replied, “ I understand it perfectly, it is just as I want it.” . The will was then executed, neither Mr. or Mrs. Rauch being present at the instruction for, or execution of the will. The will after it was executed, was sealed up by Rowley, and delivered to testator, who in the presence of Rowley handed it to Rauch, and asked him to take care of it.
The proof of the capacity of the testator is abundant, and is • not questioned by any witness. I think the facts dispel any presumption of undue influence over the testator, and show spontaneity and untrammeled will in testator; he had a home, care, affectionate attention, and sympathy from his father’s and mother’s friends, and his guardian, and he freely, and understandingly executed the will in their favor.
The amount bequeathed is reasonable, and the will should stand.
Judgment affirmed with costs.